# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 12-CV-116-LRR |
| vs. | | **ORDER** |
| $7,696.00 IN UNITED STATES CURRENCY, | | |
| Defendant. | | |

---

## I.  INTRODUCTION

The matter before the court is Claimant Lashaun Maurice Perry's "Motion to Dismiss" ("Motion") (docket no. 10).

## II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

On June 12, 2012, law enforcement executed a federal search warrant at Perry's residence.  During the course of the search, law enforcement discovered items consistent with marijuana distribution and, in Perry's bedroom, law enforcement found $7,696.00 in United States currency.

On July 31, 2012, the Federal Bureau of Investigation ("FBI") commenced an administrative forfeiture of the $7,696.00 seized from Perry's bedroom pursuant to 21 U.S.C. § 881(a)(6).  The FBI sent a letter to Perry, care of Attorney Gerald J. Kucera, notifying Perry of the forfeiture and instructing him on the proper procedures for contesting the forfeiture.  Specifically, the letter instructed Perry:

> If you want to contest the seizure or forfeiture of the property in court, you must file a claim of ownership with the FBI by September 4, 2012.  The claim is filed when it is received by the FBI Forfeiture Paralegal Specialist of the FBI Field Division mentioned below except in cases of pro se incarcerated individuals as otherwise provided by law.

July 31, 2012 Letter, Perry's Exhibit A (docket no. 10) at 3. In accordance with the procedures outlined in the letter, Perry sent via certified mail a Claim of Ownership dated August 20, 2012, to the Forfeiture Paralegal Specialist at the FBI's Omaha Division. Claim of Ownership, Perry's Exhibit B (docket no. 10) at 5-6; Certified Mail Receipt, Perry's Exhibit C (docket no. 10) at 7. On August 22, 2012, the United States Postal Service delivered the Claim of Ownership to the FBI Omaha Division. Certified Mail Receipt, Perry's Exhibit C at 7. The Forfeiture Paralegal Specialist did not physically receive the Claim of Ownership until August 23, 2012. Affidavit, United States' Exhibit 1 (docket no. 12-2) at 1.

On November 20, 2012, Plaintiff United States of America filed a "Verified Complaint of Forfeiture in Rem" ("Complaint") (docket no. 1), alleging that the money law enforcement seized from Perry's bedroom "represents proceeds from the trafficking in illegal controlled substances and/or is property that was used or intended to be used to facilitate the trafficking of controlled substances" and, therefore, is subject to forfeiture. Complaint ¶ 5. On December 12, 2012, the United States filed an "Amended Verified Complaint of Forfeiture *In Rem*" ("Amended Complaint") (docket no. 6). The Amended Complaint corrects "an inaccuracy regarding the dollar amount seized. The actual amount seized was $7,696.00 rather than the $7,700.00 listed in the [Complaint]." Amended Complaint at 1. On January 2, 2013, Perry filed a "Verified Claim of Interest" (docket no. 9), asserting that the seized money is not the proceeds of a Controlled Substances Act offense but, rather, is money he received as an inheritance and money he received as compensation for caring for his mother. Therefore, Perry contends that the money is not subject to forfeiture.

On January 10, 2013, Perry filed the instant Motion, in which he contends that the Complaint is untimely under 18 U.S.C. § 983(a)(3)(A). Accordingly, Perry requests that the court order the United States to "immediately release the funds of $7,696.00 to [Perry]." Motion at 2. On January 25, 2013, the United States filed a Resistance (docket

no. 12), asserting that the Complaint is timely under 18 U.S.C. § 983(a)(3)(A). Perry did not file a reply, and the time for doing so has expired. *See* LR 7(g) (providing that a reply must be filed within seven days after a resistance is served). Neither party requests the opportunity to present oral argument on the Motion, and the court finds that a hearing is unnecessary. The Motion is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has subject matter jurisdiction over this action because the United States instituted the action and it is a forfeiture proceeding brought under 21 U.S.C. § 881. *See* 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."); 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."); *see also United States v. Real Property Located at Meramec View Estates*, No. 99-3689, 230 F.3d 1365 (Table), 2000 WL 1248003, at *1 (8th Cir. Sept. 5, 2000) (finding that "[t]he district court clearly had subject matter jurisdiction over" an action brought pursuant to 21 U.S.C. § 881 and citing 28 U.S.C. §§ 1345 and 1355).

## IV. ANALYSIS

### A. Failure to Comply with Local Rules

As the United States correctly notes in its Resistance, Perry failed to comply with Local Rule 7, which states:

> For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies . . . .
>
> A brief must be filed as an electronic attachment to the motion it supports under the same docket entry as the motion.

LR 7(d).  In this case, Perry did not file a brief in support of the Motion.  Accordingly, the court shall deny the Motion for failure to comply with the Local Rules.

## B.  Merits

Even if the court were to reach the merits of the Motion, however, the court finds that, in light of the additional facts contained in the parties' exhibits, Perry's argument is without merit.  However, for the reasons set forth below, the court finds it appropriate to grant the United States leave to file a second amended complaint incorporating the facts contained in the parties' exhibits.

### 1.  Standard of Review

In the Motion, Perry fails to specify under which Federal Rule of Civil Procedure he is seeking relief.  Given the nature of Perry's argument, the court assumes he intended to file the Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal on the basis of "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009).  "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### 2.  Timeliness of the Complaint

Under 18 U.S.C. § 983, when a federal law enforcement agency initiates a forfeiture action and a claimant files a claim of ownership with the law enforcement agency, the nonjudicial forfeiture action is terminated and the United States must file a civil complaint

for forfeiture within ninety days of the date the claimant filed the claim of ownership.[1]  18 U.S.C. § 983(a)(3)(A); *see also United States v. Wilson*, 699 F.3d 789, 794-95 (4th Cir. 2012) (discussing the ninety-day time limit under 18 U.S.C. § 983(a)(3)(A)).  If the United States fails to do so, the United States must "promptly release the property . . . and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."  18 U.S.C. § 983(a)(3)(B).  The instant Motion raises the issue of whether the United States filed the Complaint within the ninety-day period prescribed in 18 U.S.C. § 983(a)(3)(A).

### a.    *Parties' arguments*

Perry contends that the United States filed the Complaint one day too late.  Specifically, Perry argues that he filed his Claim of Ownership with the FBI on August 21, 2012[2] and the United States did not file the Complaint until November 20, 2012—that is, ninety-one days after he filed his Claim of Ownership.  Accordingly, Perry argues that the court should dismiss the Complaint as untimely and "order that the government immediately release the funds of $7,696.00 to [Perry]" pursuant to 18 U.S.C. § 983(a)(3)(B).  Motion at 2.

In its Resistance, the United States argues that it filed the Complaint within the ninety-day period prescribed in 18 U.S.C. § 983(a)(3)(A).  The United States argues that

---

[1] Although not at issue in this case, the United States may also "obtain a criminal indictment containing an allegation that the property is subject to forfeiture . . . and . . . take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute" or the United States may "return the property pending the filing of a complaint" to satisfy the ninety-day time limit.  18 U.S.C. § 983(a)(3)(A)-(B).

[2] Perry offers no explanation as to why August 21, 2012, is the date he "filed" his Claim of Ownership.  The Claim of Ownership is dated August 20, 2012.  *See* Claim of Ownership, Perry's Exhibit B at 5.  It may be that August 21, 2012, is the date that Perry mailed the Claim of Ownership; however, the date stamp on the certified mail receipt is obstructed, *see* Certified Mail Receipt, Perry's Exhibit C at 7, and, thus, the court is not certain whether Perry mailed the Claim of Ownership on August 21, 2012.

Perry did not "file" his Claim of Ownership within the meaning of the statute until the Forfeiture Paralegal Specialist received it on August 23, 2012. The United States further contends that, under Federal Rule of Civil Procedure 6(a)(1)(A), the day of the event that triggers the start of a time period is excluded from calculation. Thus, the United States maintains that the ninety-day period under 18 U.S.C. § 983(a)(3)(A) did not start until August 24, 2012—the day after the Forfeiture Paralegal Specialist received the Claim of Ownership—in which case the United States was not required to file the Complaint until November 21, 2012. Alternatively, the United States argues that, even if the court were to find that Perry filed his Claim of Ownership on the date the FBI Omaha Division received it, as opposed to the date the Forfeiture Paralegal Specialist received it, the Complaint is still timely. The FBI Omaha Division received the Claim of Ownership on August 22, 2012, which means that the ninety-day period would not begin to run until August 23, 2012. Thus, the deadline for filing the Complaint would be November 20, 2012—the date the United States filed the Complaint.

### b. Discussion

The sole issue presented in the Motion is whether the government filed the Complaint within ninety days of the date Perry filed his Claim of Ownership. The government filed the Complaint on November 20, 2012. Thus, the court must determine what date Perry filed his Claim of Ownership. If Perry filed his Claim of Ownership on August 21, 2012, as he alleges he did, the ninety-day period specified in 18 U.S.C. § 983(a)(3)(A) would expire on November 19, 2012, and, accordingly, the United States' Complaint would be untimely. If, however, Perry filed his Claim of Ownership on or after August 22, 2012, as the United States alleges in its Resistance, then the Complaint is timely.

The court finds that the Claim of Ownership was not "filed" within the meaning of 18 U.S.C. § 983(a)(3)(A) until the Forfeiture Paralegal Specialist received it. The FBI's July 31, 2012 letter instructing Perry how to contest the forfeiture stated that a "claim is filed when it is received by the FBI Forfeiture Paralegal Specialist." July 31, 2012 Letter,

Perry's Exhibit A at 3. This is consistent with both the statutory language, which specifies that a claimant must "file a claim *with the appropriate official*," 18 U.S.C. § 983(a)(2)(A) (emphasis added), and case law holding that a document is "filed" on the date it is received by the appropriate official.[3] *United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed."); *Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 902 (2d Cir. 1980) ("[R]elevant authority is uniformly to the effect that a paper will not be considered 'filed' until it has been delivered to and received by the party with whom it is to be filed."). Moreover, the court is unaware of any court that has held that a claim is "filed" within the meaning of 18 U.S.C.

---

[3] As suggested in the FBI's July 31, 2012 letter, there is a possible exception to this general rule—that is, the prison mailbox rule, under which "a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). However, Perry does not suggest in the Motion that the prison mailbox rule applies in this case and the court has no basis from which to conclude that it does. First, it is unclear whether Perry was represented by counsel at the time he filed his Claim of Ownership. The court notes that the FBI sent Perry the July 31, 2012 letter care of an attorney. *See* July 31, 2012 Letter, Perry's Exhibit A at 3 (addressed to Perry "c/o Gerald J. Kucera"). Thus, it appears that Perry may have had the assistance of counsel, in which case the prison mailbox rule does not apply. *See, e.g.*, *Harrison*, 469 F.3d at 1217 (limiting the prison mailbox rule to pro se pleadings). Second, even if Defendant was, in fact, pro se at the time he filed the Claim of Ownership, the court is unaware of any Eighth Circuit case law extending the prison mailbox rule to claims filed with an administrative agency under 18 U.S.C. § 983(a)(2)(A). *Cf. Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (discussing the prison mailbox rule and noting that it applies in the context of notices of appeal, habeas petitions and 28 U.S.C. § 2255 motions); *see also Sulik v. Taney Cnty., Mo.*, 316 F.3d 813, 815 (8th Cir. 2003) (extending the prison mailbox rule to 42 U.S.C. § 1983 complaints). *But see Longenette v. Krusing*, 322 F.3d 758, 764-65 (3d Cir. 2003) (concluding that the prison mailbox rule applies to a claimant's claim under 19 U.S.C. § 1608 contesting an administrative forfeiture proceeding). Because Perry does not urge the court to apply the prison mailbox rule, the court need not decide whether it would apply under these circumstances. *See Grady*, 269 F.3d at 916-17 (noting that the party seeking the benefit of the prison mailbox rule "bears the ultimate burden of proving his entitlement to benefit from the rule").

§ 983(a)(3)(A) on the date the claimant mailed the claim. *Cf. United States v. Thirty-Four Thousand Nine Hundred Twenty Nine and 00/100 Dollars ($34,929.00) in U.S. Currency*, No. 2:09-cv-734, 2010 WL 481250, at *2 (S.D. Ohio Feb. 5, 2010) (assuming without deciding that the claimant filed his claim of ownership on the date it was received by the Drug Enforcement Agency)*; United States v. $39,480.00 in U.S. Currency*, 190 F. Supp. 2d 929, 931-32 (W.D. Tex. 2002) (assuming without deciding that the claimant filed her claim of ownership on the date it was received by the Drug Enforcement Agency). Perry offers no authority, or even any argument, to the contrary.

Accordingly, the court finds that Perry filed his Claim of Ownership on August 23, 2012—the date the Forfeiture Paralegal Specialist received the claim. Therefore, the ninety-day period began to run on August 24, 2012, *see* Fed. R. Civ. P. 6(a)(1)(A) (providing that the "the day of the event that triggers the period" is excluded from calculation), and the deadline for the United States to file a civil forfeiture complaint was November 21, 2012. Because the United States filed the Complaint on November 20, 2012, the Complaint is timely.

The court notes that the Complaint would still be timely even if the court were to find that the date of filing was the date the FBI Omaha Division, as opposed to the Forfeiture Paralegal Specialist, received the Claim of Ownership. The United States Postal Service delivered the Claim of Ownership to the FBI Omaha Division on August 22, 2012. Certified Mail Receipt, Perry's Exhibit C at 7. Thus, the ninety-day period would begin to run on August 23, 2012, *see* Fed. R. Civ. P. 6(a)(1)(A), in which case the deadline for the United States to file a civil complaint for forfeiture would be November 20, 2012—the date the United States filed the Complaint.

### c.     *Insufficiency of the Complaint*

Thus, the court finds that, in light of the additional facts contained in the parties' exhibits, the United States timely filed the Complaint and, accordingly, Perry's legal argument is without merit. However, the standard under Rule 12(b)(6) is whether "a

complaint . . . contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 570). In this case, the Complaint is deficient as it does not demonstrate that this action has been timely filed. Because nothing prevents Perry from filing another motion to dismiss that complies with the Local Rules, the court finds that, in the interest of judicial efficiency, it is appropriate to grant the United States leave to file a second amended complaint that includes sufficient factual allegations.

## V. CONCLUSION

In view of the foregoing, Claimant Lashaun Maurice Perry's "Motion to Dismiss" (docket no. 10) is **DENIED WITHOUT PREJUDICE**. In the interest of judicial efficiency, the United States is **GRANTED LEAVE** to file a second amended complaint on or before **May 13, 2013**.

**IT IS SO ORDERED.**

**DATED** this 30th day of April, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

9